IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELSEY DORMAN COOPER | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-230 |
| | § | |
| BLAIR LOGISTICS, LLC AND | § | |
| MICHAEL PAUL TUTT | § | |
| *Defendants* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTICT JUDGE:

COMES NOW, KELSEY DORMAN COOPER (hereinafter referred to as "PLAINTIFF"), and files this her Original Complaint complaining of BLAIR LOGISTICS, LLC, (hereinafter referred to as "Defendant") and MICHAEL PAUL TUTT, (hereinafter referred to as "Defendant") and for cause of action would show unto the Court as follows:

### I.
### Jurisdiction and Venue

1.  This Court possesses jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) and (c), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. § 1332 based up diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiff is a citizen of the State of Texas. The Defendant, BLAIR LOGISTICS, LLC is a Foreign For-Profit corporation, organized and formed in the State of Nevada, is not a citizen of Texas and its principle office is the State of Alabama. The Defendant MICHAEL PAUL TUTT, is not a citizen of Texas and is a citizen of the State of Arkansas.

2. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(b), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.

### Parties

3. The Plaintiff, KELSEY DORMAN COOPER, is a resident of Hopkins County, Texas.

4. The Defendant, BLAIR LOGISTICS, LLC, is a foreign corporation organized and existing under the laws of Nevada and maintains its principal place of business in Alabama. Defendant is not a citizen of Texas, and is doing business in the State of Texas and has failed to designate an agent for service of process in the state of Texas, therefore, mey be served with process by serving it pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papaers to its registered agent, Corporation Service Company, 641 South Lawrence Street, Montgomery, AL 36104 via certified mail, return receipt requested.

5. Defendant, MICHAEL PAUL TUTT, is a nonresident individual residing at 1438 Miller County Road 62, Texarkana, AR 71854 and at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.062 et. sec. of the Tex. Civ. Prac. & Rem. Code. Defendant MICHAEL PAUL TUTT, may be served with process by serving him pursuant to the Tex. Civ. Prac. & Rem. Code § 17.062 by serving the chairman of the Texas Transportation Commission via certified mail, return receipt requested and with instructions that the chairman of the Texas Transportation Commission shall then forward a duplicate copy of

process and the suit papers to MICHAEL PAUL TUTT, 1438 Miller County Road 62, Texarkana, AR 71854 via certified mail, return receipt requested.

### III.

### Factual Allegations

7. On or about May 25, 2021, Plaintiff, KELSEY DORMAN COOPER, was operating her 2021 Gray Ford Explorer bearing Texas license plate # 13176J9 in a safe and prudent manner, while traveling westbound on I-30 in Sulphur Springs, Hopkins County, Texas. Defendant MICHAEL PAUL TUTT was also traveling westbound while operating his 2015 white Kenworth bearing VIN # 1XKYD49X4FJ422133 and bearing Arkansas plate # K804663 while towing a 2016 white trailer owned by BLAIR LOGISTICS, LLC bearing VIN # 13N1532C4G1518708 and bearing Maine plate # 2923109. Defendant, MICHAEL PAUL TUTT, was traveling at a high rate of speed when he collided with the rear of Plaintiff's vehicle. Plaintiff suffered injuries as a result of the collision.

8. At the time of the collision, the Defendant, MICHAEL PAUL TUTT, was dring with permission, in the course and scope of his employment with his employer, BLAIR LOGISTICS, LLC.

9. Due to the acts of the Defendant driver, including but not limited to driver inattention, failing to maintain a safe following distance, failure to maintain a proper lookout, failure to maintain a safe speed, Plaintiff suffered severe injuries.

10. At all times relevant to this lawsuit, Defendant, MICHAEL PAUL TUTT, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

11. At all times relevant to this lawsuit, Defendant, BLAIR LOGISTICS, LLC, was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

12. At all times relevant to this lawsuit, Defendant, MICHAEL PAUL TUTT, was an "employee" of Defendant, BLAIR LOGISTICS, LLC, as per 49 C.F.R. §390.5.

13. Furthermore, at the time of the accident made the basis of this lawsuit and at all times material hereto, Defendant, MICHAEL PAUL TUTT, was an employee acting in the course and scope of his employment with Defendant, BLAIR LOGISTICS, LLC, and operating a tractor trailer with the trailer attached.

## IV.

### Cause of Action: Defendant MICHAEL PAUL TUTT

14. Plaintiff incorporates by reference paragraphs 1 through 13 above.

15. Plaintiff alleges that Defendant, MICHAEL PAUL TUTT, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in question. Plaintiff resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant.

   a. In failing to keep a proper lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstance;
   b. In failing to make a timely application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;
   c. In failing to control the speed of the vehicle to avoid the accident made the basis of this lawsuit as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances;
   d. In failing to maintain a safe following distance between his vehicle and Plaintiff's vehicle as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances; and
   e. Defendant was negligent in other respects.

## V.

### Cause of Action: Defendant BLAIR LOGISTICS, LLC

16. Plaintiff incorporates by reference paragraphs 1 through 15 above.

17. Plaintiff would further show that at the time of the accident made the basis of this lawsuit, Defendant, MICHAEL PAUL TUTT, was an employee of Defendant, BLAIR LOGISTICS, LLC, and was acting within the course and scope of his employment for Defendant, BLAIR LOGISTICS, LLC, and in the furtherance of the business interests and pursuits of said Defendant. In this regard, Plaintiff hereby invokes the doctrine of respondeat superior and therefore alleges and contends that each negligent act and/or omission on the part of Defendant, MICHAEL PAUL TUTT, are imputed to Defendant, BLAIR LOGISTICS, LLC. Defendant, BLAIR LOGISTICS, LLC, is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

18. Plaintiff would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, MICHAEL PAUL TUTT, was, and is considered a statutory employee of Defendant, BLAIR LOGISTICS, LLC, pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, BLAIR LOGISTICS, LLC, is vicariously liable for all negligent and grossly negligent acts and/or omissions of its employee driver.

## NEGLIGENT ENTRUSTMENT

19. Plaintiff would further show that prior to the time the collision occurred, Defendant BLAIR LOGISTICS, LLC was the owner and was in the possession, custody and control of the vehicle ultimately driven by Defendant MICHAEL PAUL TUTT on the date of the wreck made the basis of this lawsuit. On or about May 25, 2021, Defendant BLAIR LOGISTICS, LLC directed Defendant MICHAEL PAUL TUTT to use the motor vehicle in question for the purpose of operating on the public streets and highways of Texas and, therefore, Defendant, MICHAEL

PAUL TUTT, operated said vehicle with the knowledge, consent and permission of Defendant BLAIR LOGISTICS, LLC.

20. Plaintiff would further show that Defendant BLAIR LOGISTICS, LLC was the owner of the vehicle that was being driven by Defendant MICHAEL PAUL TUTT at the time of the occurrence made the basis of this lawsuit. Plaintiff would also show that Defendant BLAIR LOGISTICS, LLC was negligent in entrusting the commercial motor vehicles to Defendant MICHAEL PAUL TUTT who was a careless, incompetent and reckless driver. Defendant, BLAIR LOGISTICS, LLC, knew or should have known that Defendant, MICHAEL PAUL TUTT, was a careless, incompetent and reckless driver. Plaintiff would further show that Defendant, BLAIR LOGISTICS, LLC, was negligent in entrusting the vehicles to its employee, Defendant MICHAEL PAUL TUTT, which in turn was the proximate cause of the collision and the occurrence made the basis of this lawsuit and the resulting injuries and damages to Plaintiff set out below.

## NEGLIGENT AND GROSS NEGLIGENT HIRING, RETENTION, TRAINING AND CONTROL

21. Plaintiff further alleges that Defendant, BLAIR LOGISTICS, LLC, through their acts and/or omissions, were negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiff's resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, BLAIR LOGISTICS, LLC:

    a. In hiring and/or retaining its employee driver;
    b. In allowing its employee to drive the vehicle in question; and
    c. In failing to instruct, supervise, and control its employee driver.

## MALICE

22. Plaintiff further alleges that the Defendants by and through their acts and/or omissions, exceeded the test for negligence and committed acts and/or omission of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiff

alleges that said acts and/or omissions set out above amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiff. Plaintiff further alleges that the Defendant's acts and/or omission of gross negligence created an extreme degree of risk to Plaintiff. Plaintiff further alleges that the Defendant's acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiff. Plaintiff further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiff. In this regard, Plaintiff therefore seeks punitive and/or exemplary damages.

## VI.

## DAMAGES

23. Plaintiff, KELSEY DORMAN COOPER'S, damages include past, and probable future loss, which includes:

   a. Pain and mental anguish;
   b. Physical and mental impairment;
   c. Disfigurement;
   d. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

25. Plaintiff respectfully requests a trial by jury on all issues.

26. Plaintiff seeks judgement against Defendants, jointly and severally, for her actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**LAW OFFICE OF ROPER & WHITE, P.C.**

/S/ Daniel Roper
**Daniel Roper**
Texas Bar No. 24070527
daniel@roperwhite.com
519 Oak Ave.
Sulphur Springs, TX 75482
Telephone:   903.885.1155
Fax:  903.885.5522
ATTORNEYS FOR PLAINTIFF