# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KELSEY DORMAN COOPER, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> BLAIR LOGISTICS, LLC and § <br> MICHAEL PAUL TUTT, § <br> § <br> *Defendants.* § | Civil Action No. 4:22-CV-00230 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

This is a negligence case arising from a tractor trailer wreck that occurred on May 21, 2021 (Dkt. #20 ¶ 7). Plaintiff Kelsey Dorman Cooper alleges that she suffered injuries when a tractor trailer driven by Defendant Michael Paul Tutt ("Tutt") collided with the rear of Plaintiff's vehicle at a high rate of speed (Dkt. #20 ¶ 7). At the time of the collision, Tutt was towing a trailer owned by his employer, Defendant Blair Logistics LLC ("Blair Logistics") (Dkt. #20 ¶ 8).

Plaintiff initiated the present case, asserting several causes of action against both Tutt and Blair Logistics on March 23, 2022 (Dkt. #1). Plaintiff filed her complaint in this Court based on diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. #1 ¶ 1). For jurisdictional purposes, Plaintiff is a citizen of Texas, while Blair Logistics is a citizen of both Nevada and Alabama, and Tutt is a citizen of Arkansas (Dkt. #1 ¶ 1). Nearly seven months after filing her initial complaint, Plaintiff filed an amended complaint, in which she asserts causes of action for negligence and gross

negligence against Tutt (Dkt. #20 ¶¶ 14–15; 22).  Likewise, Plaintiff asserts causes of action for negligence and gross negligence against Blair Logistics under a *respondeat superior* theory of vicarious liability and causes of action for negligent entrustment and "negligent and gross negligent hiring, retention, training and control" (Dkt. #20 ¶¶ 16–22).

On October 19, 2022, Defendants moved for summary judgment on Plaintiff's claim for gross negligence against Tutt and her claims for gross negligence, negligent entrustment, and negligent hiring, retention, training, and control against Blair Logistics (Dkt. #23).  Plaintiff did not respond to Defendants' motion.

**LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).  Substantive law identifies which facts are material.  *Id.*  The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment.  *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact.  FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden

of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to deny a request for summary judgment. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants seek summary judgment on Plaintiff's claims of gross negligence and her claims of direct negligence on the part of Blair Logistics (Dkt. #23). Defendants argue that Plaintiff cannot point to any evidence supporting her claims. Although Plaintiff did not respond to Defendants' motion, the Court nonetheless finds that the motion should be denied because Defendants have not carried their initial burden of demonstrating the absence of a genuine issue of material fact.

As an initial matter, the Court will not enter a default summary judgment simply by virtue of Plaintiff's failure to respond to Defendant's motion. A summary judgment movant must always carry its burden of establishing that it is entitled to summary judgment irrespective of the non-movant's failure to respond. *John v. Lousiana*, 757 F.2d 698, 709 (5th Cir. 1985) ("We hold, therefore, that the summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment."). In fact, "summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1985); FED. R. CIV. P. 56(e) advisory committee's note to 2010 amendment ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion").

Defendants have failed to carry their initial burden of demonstrating the absence of a genuine issue of material fact here. A summary judgment movant that does not bear the burden of persuasion at trial essentially has two options for satisfying its initial burden: (1) By producing evidence that negates an essential element of the non-movant's claim or defense *or* (2) by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *Celotex*, 477 U.S. at 325. Although a movant that chooses the latter option need not produce evidence, it must at least identify portions of the record that demonstrate an absence of evidence. *See, e.g.*, *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2727.2 (4th ed. 2022) (noting that "the party moving for summary judgment cannot sustain its burden merely by . . . asserting that the non-movant lacks evidence to support its claim."). Indeed, in offering a roadmap for movants seeking to carry their burden by pointing to a lack of evidence, another court in this district has

made clear that a conclusory statement of "no evidence" alone is insufficient to support a motion for summary judgment:

> Even where the non-moving party has the burden of persuasion on an issue, the summary judgment movant still has the initial burden of showing the absence of a genuine issue of material fact. It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the court need not consider either any evidence submitted by the non-moving party or whether the moving party has met its ultimate burden of persuasion that summary judgment should be granted in its favor.

*Marshall Indep. Sch. Dist. v. U.S. Gypsum Co.*, 790 F. Supp. 1291, 1299–1300 (E.D. Tex. 1992) (internal citations omitted).

Throughout their motion for summary judgment, Defendants offer no support for their assertion that there is no genuine issue of material fact. Instead, Defendants repeatedly recite the elements of Plaintiff's claims and make the assertion that Plaintiff "has no evidence" to support those elements (Dkt. #23 at pp. 2–6). Relying on only these conclusory assertions, Defendants fail to cross even the modest threshold of informing the Court of the basis for their motion and identifying the portions of the pleadings and evidence that demonstrate the absence of any genuine issue of material fact. *Marshall Indep. Sch. Dist.*, 790 F. Supp. at 1299–1300; *Seastrunk v. Darwell Integrated Tech., Inc.*, No. 3:05-CV-0531, 2008 WL 190316, at *3 (N.D. Tex. Jan. 22, 2008) ("It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements. This is the type of conclusory assertion the court has said would not satisfy the summary judgment burden."). As a result, the Court concludes that Defendants are not entitled to summary judgment.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #23) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 5th day of April, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE